CHARLES CHESTER and another *vs.* P. L. PIERCE and wife.

May 18, 1885.

**Husband and Wife—Liability of Wife for Goods bought for Use in Family.**—The legal implication that for goods purchased for ordinary domestic use in a family the husband, and not the wife, is liable, can be overcome, so as to charge the wife with liability, only by proof of an express contract on her part, or of circumstances, other than the fact that she procured the goods, fairly establishing a case of implied contract.

**Same—Evidence held Insufficient.**—Evidence considered insufficient to show a liability on the part of a wife for goods purchased in part by her.

Appeal by plaintiffs from an order of the district court for Redwood county, *Webber*, J., presiding, refusing a new trial.

*M. M. Madigan*, for appellants.

*D. M. Thorp*, for respondent, Rebecca Pierce.

DICKINSON, J.[1] The plaintiffs sought to recover of the defendants, who are husband and wife, for goods sold by the plaintiffs, and which, being goods of ordinary domestic use, were procured for and consumed in the household of the defendants. The defendants were living together as husband and wife, and the plaintiffs knew this fact when they sold the goods. The husband interposed no defence. The wife denying any contract on her part, the issue was tried in the district court with a jury. Upon the evidence on the part of the plaintiffs, the court dismissed the action as to the wife.

There was no error in directing a nonsuit. Under the circumstances above referred to, the legal implication was that the purchases, although made by the wife, were on account of the husband; and, before the wife can be charged with liability, this implication must be overcome by proof that by her express contract, or by circumstances other than the purchase of the goods by her fairly establishing a case of implied contract, she had assumed an individual responsibility. *Flynn* v. *Messenger*, 28 Minn. 208; *Wilson* v. *Herbert*, 41 N. J. Law, 454. In this the plaintiffs' case was deficient.

[1] BERRY, J., was absent and took no part in this case.

From the whole evidence we think that the important facts must be taken to have been as follows: The defendants came together to the plaintiffs' store, where, through a conversation between the husband and one of the plaintiffs in the presence of the wife, it is claimed that she assumed a personal liability with her husband in respect to the goods thereafter furnished. The important part of this conversation, as put in evidence by the testimony of one of the plaintiffs, is that Mr. Pierce said that "they had rented the American House; they were going to keep boarders,—keep railroad men and section men; that they wanted to open an account with us; that they would pay me every thirty days, or as soon as their boarders paid them." It does not appear that Mrs. Pierce took part in the conversation, and it is to be inferred from other evidence that she did not. It is fair to assume that if the language used by Pierce had been such as to indicate, more clearly than does this testimony upon its face, an intention on the part of Mrs. Pierce that credit should be given to her, or that she should incur a personal responsibility, the testimony of the plaintiffs would have disclosed it; for the issue to which the evidence was directed was as to her having assumed such contract obligation. We may understand from this testimony that Mr. Pierce used some such language as "we" have rented, etc., and "we" want to open an account, etc. But, having in mind the relation of the defendants to each other, we do not think that the natural import of such language is such as to support a conclusion that the wife, interposing no objection, assumed a personal liability for goods to be furnished, or that the parties so understood it.

There was evidence of a promise by Mrs. Pierce, made after the goods were purchased, to pay out of money belonging to her; but this promise was without consideration and imposed no liability. There was other evidence, to which we have not particularly referred, bearing upon the issue, and confirming our conclusion, which is in accordance with that of the court below.

Order affirmed.